# CIRCUIT COURT OF THE CITY OF CHARLOTTESVILLE

Alexander W. Goodenough,
Keith F. Goodenough,
and LH Properties, L.L.C.

v.

Jay B. Province,
t/a Breezing Internet
and as Breezing Internet
Communications

April 8, 2009

Case No. CL06-373

BY JUDGE EDWARD L. HOGSHIRE

On February 11, 2009, came the Plaintiffs and the Defendant, all by counsel, upon Defendant Province's Plea in Bar and Motion for Summary Judgment and upon Plaintiffs' Objections to and Motion to Strike Defendant's Plea in Bar and Motion for Summary Judgment. Upon consideration of the pleadings, evidence heard *ore tenus*, evidence submitted by counsel, memoranda, correspondence (including all filings made on or after January 21, 2009), and oral arguments of counsel, the Court finds as follows.

## Findings of Fact

On December 22, 1999, Defendant Province sent Plaintiff Keith Goodenough confirmation by way of electronic mail that he would provide computer programming services in exchange for consideration of $12,500. Defendant Province indicated in the e-mail correspondence that "the project is too early in the planning stages to be detailed," and that "these capabilities are

not an exhaustive list and others might be integrated without raising the project cost estimate." (Province e-mail to K. Goodenough, *re: Proposed web site*, December 22, 1999 9:47PM.)

On January 8, 2000, Plaintiff Keith Goodenough e-mailed Defendant Province with a schedule of payment totaling $12,500. The schedule sets out an initial payment, and subsequent payments for each 20% increment of work. This e-mail also refers to an "outline specification for the web site" and notes that "the design and content of which would also include items in our previous discussion and e-mails, and any other improvements that show up as work proceeds." (K. Goodenough e-mail to Province, *Proposed web site*, January 8, 2000 12:59PM.)

On February 1, 2000, Plaintiff Keith Goodenough sent a subsequent e-mail to Defendant Province with similar information as the January 8, 2000, e-mail. It further states the expectation that "the completion of the fully functional web site will be within approximately eight weeks after the start of the work." (K. Goodenough e-mail to Province, *Proposed web site*, February 1, 2000 12:33PM.)

An undated *Outline of Web Site* states "The following description is an outline only. Certain functions already discussed or to be agreed upon are to be added." It is likely this outline was attached to the January 8, 2000, e-mail and the February 1, 2000, e-mail, since both letters reference an "outline specification for the web site" and the e-mail sent on February 1, 2000, lists an attachment called "landahome.4.wpd."

On August 31, 2000, Defendant Province sent Plaintiff Keith Goodenough an e-mail indicating an oral discussion between Plaintiff Alexander Goodenough and Defendant Province. This e-mail indicates a completion date between October and November of 2000. The e-mail also indicates that the project was 50% complete at that time and that corresponding payment of 30% (bringing payment to 50%) was due. (Province e-mail to K.Goodenough, *re: website*, August 31, 2000 10:20AM.)

Invoice no. 1476, dated June 27, 2001, states "Web site development – Site Completion – Final Payment on bid of $12,500" and additional hosting and maintenance expenses totaling $1,550. Attached to a copy of this invoice is a processed personal check made out to Breezing Internet Communications from Keith Goodenough for the amount of $1,550. In the memo of the check is "Invoice No. 1476." (Invoice no. 1476, June 27, 2001.)

An e-mail dated January 6, 2002, states "apart from the adjustments that I have e-mailed you about, the site is looking very good!" This e-mail was signed "Alexander." (K. Goodenough e-mail, *Corrections*, January 6, 2002 2:04PM.)

*Conclusions of Law*

Under the provisions of Virginia Code § 8.01-246, actions founded upon a contract shall be brought within five years of the cause of action if the contract is "in writing and signed by the party to be charged." "Actions upon any unwritten contract, express or implied" shall be brought within three years of the cause of action.

Though Virginia courts have not addressed e-mail correspondence directly, at least one decision has considered the issue of contracts to be deduced from correspondence. In *American Indus. Corp. v. First & Merchants Nat'l Bank*, 216 Va. 396 (1975), the Virginia Supreme Court acknowledged that, "though the Statute of Frauds does not require that the complete agreement between the parties show on the face of the signed writing, the nature and extent of the undertaking . . . must so appear or the agreement is not enforceable." *Id.* at 399.

The U.S. Court of Appeals for the Fourth Circuit applied Virginia law in determining when a cause of action accrued in *Lone Mountain Processing v. Bowser-Morner*, 94 Fed. Appx. 149 (4th Cir. 2004). The Court found that the "continuation of services" exception did not apply to an architectural design; rather, the cause of action accrued because "payment constituted 'approval and acceptance' of the designs." *Id.*, at 155. The Court further found that "the submission of remedial measures or advice does not alter the fact that design-defect claims generally arise at the date when the design initially is accepted by a purchaser." *Id*, at 156.

Under the provision of Virginia Code § 8.01-230, the prescribed limitation period shall begin "when the breach of contract occurs in actions of *ex contractu* and not when the resulting damage is discovered."

Although Plaintiffs have asserted the written agreement is evidenced by e-mail correspondence supported by invoices and payment information, this correspondence does not constitute an agreement "in writing, signed by the parties;" instead, it is a collection of writings, some signed and some unsigned, which requires additional reference to oral communications to determine the "nature and extent of the undertaking." *American Indus.*, 216 Va. at 399.

Because the agreement was unwritten, the claims must have been brought within three years of the date of the accrual of the cause of action to fall within the limitation period. The payment made by Keith Goodenough in response to the Invoice No. 1476, dated June 27, 2001, was approval and acceptance of the website project as agreed upon and occurred more than three years prior to the claim filing date of October 6, 2006.

E-mails and letters sent after October 6, 2003, discuss topics such as requested accounting, a third party opinion of the website, ownership of the server, renewal of the domain name, edits to website functions and security, and trademark registration. This correspondence includes discussions of minor changes and remedial measures to the website beyond the original contract.

Wherefore, since Plaintiffs' Complaint was not filed within the limitations period contained in Virginia Code § 8.01-246, Defendant's Plea in Bar is hereby granted and the complaint is dismissed with prejudice. In light of the Court's ruling as to the Plea in Bar, the other motions, except the Motion for Sanctions, are rendered moot.

The Court expressly retains jurisdiction over the pending sanctions claim which shall be set for hearing at the calling of the civil docket at 2:00 p.m., April 20, 2009.

Endorsement is dispensed with pursuant to Rule 1:13, but objections by counsel for Plaintiffs are duly noted. The Clerk is directed to mail a true copy of the foregoing Order to counsel of record.